UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS G. STIGLER,

    Plaintiff,

v.                                                    Case No. 04-72020

JO ANNE B. BARNHART,                  HONORABLE AVERN COHN
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

### I. Introduction

This is a Social Security case. Plaintiff Dennis Stigler (Stigler) appeals from the final determination of the Commissioner of Social Security (Commissioner) that he was not under a "disability" as defined by the Social Security Act during the relevant time period and therefore not entitled to Social Security benefits ("benefits"). An administrative law judge (ALJ) conducted a hearing and determined Stigler's impairments did not prevent him from performing past relevant work or, in the alternative, from performing other work identified by the vocational expert. The Social Security Administration's Appeals Council denied Stigler's request to review the ALJ's decision. Accordingly, the ALJ's decision is the final decision of the Commissioner.

Stigler filed this action for judicial review under 42 U.S.C. § 405(g). The matter was referred to a magistrate judge, before whom Stigler and the Commissioner filed cross-

motions for summary judgment. The magistrate judge issued a report and recommendation (MJRR) that the ALJ's decision be affirmed. Stigler then filed objections to the MJRR. Stigler claims that the ALJ's decision is not supported by substantial evidence.

For the following reasons, Stigler's motion for summary judgment is DENIED, the Commissioner's motion for summary judgment is GRANTED, and this case is DISMISSED.

## II. Background

Stigler was born on February 9, 1950. He has an eleventh-grade education and has past relevant work as a security monitor, fish cutter, painter, cashier, and construction worker.

Stigler filed multiple applications for benefits. The first, filed on March 1, 1995, alleging a disability onset date of September 24, 1994, was denied. ALJ Melvyn B. Kalt conducted an administrative hearing for this claim on December 12, 1996. Applying the five-step analysis of 20 C.F.R. § 404.1520, the ALJ concluded that (1) Stigler had not engaged in substantial gainful activity since September 24, 1994; (2) the medical evidence established that Stigler has severe back pain, atypical chest pain, and post traumatic stress disorder (PTSD); (3) none of Stigler's impairments met a regulation listing; (4) Stigler was unable to perform his past relevant work as security monitor, fish cutter, painter, or construction worker; but (5) Stigler had the residual functional capacity (RFC) for a limited range of sedentary work.[1]  Further, the ALJ found Stigler's testimony to be fairly credible.

---

[1] Sedentary work is defined in 20 C.F.R. § 404.1567(a) as follows: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

On the issue of mental capacity, the ALJ determined Stigler often had deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner.

Stigler next filed an application for benefits on January 31, 2000, alleging a disability onset date of January 17, 1997, which was also denied. ALJ Anthony B Roshak conducted an administrative hearing on December 18, 2000, which resulted in a determination that Stigler was not disabled. On May 22, 2001, Stigler filed a request for review of ALJ Roshak's decision with the SSA Appeals Council, which granted the request and remanded the matter for further proceedings. On remand, the ALJ conducted a second hearing on July 30, 2002. Stigler testified that he was unable to work due to depression, lower back pain, carpal tunnel syndrome, heel spurs, angina, memory troubles, flashbacks, and other ailments. Stigler said that he took a number of medications and that he suffered side effects such as headache, blurred vision, drowsiness, sweating, and irritability. Further, Stigler claimed that he had to lie down periodically throughout the day due to his back pain and that he suffered a variety of symptoms as a result of his depression, such as forgetfulness, sweating, headaches, and fatigue, and that he felt suicidal at times.

Dr. Czarnecki (Czarnecki), a psychologist, evaluated Stigler on December 17, 1999, and determined that he suffered from PTSD, major depressive disorder, and a personality disorder. Czarnecki further opined that Stigler had marked difficulties in maintaining social functioning and frequently had deficiencies of concentration, persistence and pace resulting in frequent failure to complete tasks in a timely matter, that these symptoms would interfere with his ability to maintain reliable attendance in a work setting, and that records indicated

his mental impairments have existed in their current level of severity since 1994. The ALJ discredited this opinion because (1) Czarnecki's first contact with Stigler did not occur until 1999, well after the claim period, (2) the conclusion that Stigler's condition was as severe in 1994 as it was on the date of the evaluation did not have objective support in the record, and (3) the findings of the Department of Veterans Affairs in October 1997 were contradictory.

Applying the five-step analysis of 20 C.F.R. § 404.1520, the ALJ concluded that (1) Stigler had not engaged in substantial gainful activity since his alleged onset of disability; (2) Stigler suffered from chronic low back pain, right heel spur syndrome, obesity, carpal tunnel syndrome, depression, and PTSD; (3) none of Stigler's impairments met a regulation listing; (4) Stigler retained the RFC to perform past relevant work as a security monitor; and (5) Stigler could perform other work identified by the vocational expert, and was therefore not disabled. The ALJ further found Stigler's allegations of debility to be somewhat exaggerated, self-serving, and without any objective probative medical or non-medical support. The ALJ included no specific mental limitations in the hypothetical question he posed to the vocational expert.

### III. Standard of Review

Judicial review of a Social Security disability benefit application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir.1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir.1989). Substantial evidence is "such relevant

4

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The substantially of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir.1973). "[T]he decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key v. Callahan, 109 F.3d 270, 273 (6th Cir.1997). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987).

## IV. Discussion

Stigler claims the ALJ's decision is not supported by substantial evidence because (1) the ALJ's determination that he could perform past relevant work is precluded by the doctrine of res judicata/collateral estoppel;[2] and (2) the ALJ's determination that psychiatric/psychological evaluations of Stigler by Czarnecki were properly discredited is not supported by the record and therefore should have been given weight in the ALJ's hypothetical question posed to the vocational expert.

---

[2] Stigler originally refers to the doctrine of res judicata in his motion for summary judgment. As corrected by the magistrate judge in the MJRR, plaintiff is not seeking to invoke a judgment to bar a second suit based on the same cause of action, but rather meant to apply the doctrine of collateral estoppel to have a decision rendered on a discrete issue in a prior proceeding deemed binding for the purposes of subsequent litigation. Stigler refers to this as the "doctrine of res judicata/collateral estoppel" in his objections to the MJRR.

5

### A. Res Judicata/Collateral Estoppel

Stigler claims the doctrine of res judicata/collateral estoppel prevented the ALJ from making a determination that Stigler had the ability to perform his past relevant work without making a finding that there had been medical improvement in his medical and/or mental condition between 1997 and 2001 and 2002, as it would be contrary to ALJ Kalt's conclusion that Stigler was unable to perform past relevant work.  To support his argument, Stigler cites Dennard v. Sec'y of Heath & Human Servs., 907 F.2d 598 (6th Cir. 1990) and Drummond v. Commissioner, 126 F.3d 837 (6th Cir.1997).

In Dennard, the issue was that different ALJs had made different findings as to the exertional level of the plaintiff's past work.  The first ALJ found that the plaintiff was not able to perform his past job and could only perform sedentary work.  The second ALJ found that plaintiff could perform his past work, relying on a definition of the job from the Dictionary of Occupational Titles indicating it was sedentary.  The court determined the second ALJ was bound by the determination of the first ALJ.  The question of fact, the exertional level of the plaintiff's former job, was a static one.  This case is distinguishable because the question of the condition of Stigler's health is dynamic. Under similar circumstances in Hamlin v. Comm'r of Soc. Sec., 195 F.3d 361 (Table), 1996 WL 729287 *1 (6th Cir. Dec. 17, 1996), the court found that "because medical conditions and impairments can change over time, findings as to a claimant's [RFC] during one time period are not conclusive of his [RFC] at a later date." 1996 WL 729287 at *1 (quoting Rucker v. Chater, 92 F.3d 492, 495 (7th Cir. 1996)).

In Drummond, the Court of Appeals for the Sixth Circuit found that "absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of

a previous ALJ." 126 F.3d at 842. Stigler's reliance is misplaced. The doctrine of collateral estoppel bars relitigation of an issue decided in a previous proceeding if:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

Hammer v. I.N.S., 195 F.3d 836, 840 (6th Cir. 1999). With respect to benefits claims, the doctrines of res judicata and collateral estoppel are embodied in 42 U.S.C. § 405(h) that states, in part, the "findings and decision of the [Commissioner] after hearing shall be binding upon all individuals who were parties to such hearing." Stigler's argument fails the first prong of the collateral estoppel test as the claim before ALJ Kalt was for a different time period than the claim before ALJ Roshak and was therefore not identical. Stigler's argument also fails the third prong of the collateral estoppel test in that ALJ Kalt concluded that Stigler was not disabled; that Stigler could not perform past work had no bearing on the final outcome of the proceeding and therefore was not necessary and essential to the judgment on the merits. Even if ALJ Roshak was precluded from finding that Stigler was able to perform past work, this would not effect the finding of disability, as ALJ Roshak also found that Stigler was capable of performing sedentary work.

### B. Psychologist's Opinion and the Hypothetical Question

Stigler says that ALJ Roshak erred in excluding the evaluations and assessments made by Czarnecki and that because of this exclusion, the questions posed to the vocational expert failed to account for documented mental deficiencies.

It is well established in the Sixth Circuit that the opinion of a treating physician is

7

generally entitled to more weight than that of a non-treating physician. See 20 C.F.R. § 404.1527(d)(2). A treating physician's opinion is given deference, however, only when it is supported by objective clinical evidence. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). An ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1235 (6th Cir. 1993). Further, post-date last insured evidence is "outside the scope of inquiry." Id. at 1233.

Stigler objects to ALJ Roshak's discounting of Czarnecki's December 1999 conclusion that Stigler had marked difficulties in maintaining social functioning and frequently had deficiencies of concentration, persistence and pace resulting in frequent failure to complete tasks in a timely matter. Stigler cites the findings of ALJ Kalt that "the claimant did not appear to have difficulty with the memory testing during the psychiatric evaluation, but his recent testimony of his forgetfulness due to extreme tension, which was corroborated by his wife's testimony, leads to the rating of often" as support that Czarnecki's reports are credible.

Stigler was evaluated at a mental health clinic in October 1994 at which time he claimed to be seeking mental health consultation because "my attorney wants to build a case for social security." Stigler underwent a mental health evaluation in 1997 at a Veteran's Administration hospital, but there is no evidence that Stigler sought treatment for depression or took any medication during the claim period. There is no other evidence in the record until treatment by Czarnecki in December 1999 that Stigler sought or received treatment for a mental condition. ALJ Roshak stated the following pertaining to Czarnecki's reports:

> The undersigned finds the evaluations and opinions of Dr. Czarnecki, a psychologist who saw Claimant in December, 1999, and November 2000, to be sympathetic but without objective support and inconsistent with the report from the Department of Veteran's Affairs and Claimant's activities of daily living. The above-cited activities of daily living refute Dr. Czarnecki's opinion that Claimant's symptoms impaired his ability to initiate and sustain activity to completion on a consistent or reliable basis, focus, attend, concentrate, and organize self. Although Dr. Czarnecki opined that Claimant's symptoms and limitations had existed at the same or similar degree since December 16, 1996, three years before he saw Claimant for the first time, such opinion is refuted by the findings of the Department of Veterans Affairs in October 1997.

Czarnecki only saw Stigler on two occasions, the first of which was well outside the claim period. The record as a whole, including Stigler's treatment history, contradicts Czarnecki's conclusions. ALJ Roshak was reasonable in discrediting Czarnecki's findings. Having found Stigler's alleged mental limitations to not be credible to his RFC determination, ALJ Roshak was justified in excluding them from the hypothetical questions posed to the vocational expert.

### V. Conclusion

The findings and conclusions of the magistrate judge are adopted by the Court as supplemented in the above discussion. ALJ Roshak's conclusions are not barred by collateral estoppel and are supported by substantial evidence.

SO ORDERED.

Dated: April 28, 2005                     s/Avern Cohn
                                                      AVERN COHN
                                                      UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 28, 2005, by electronic and/or ordinary mail.

                                                       s/Julie Owens
                                                     Case Manager, (313) 234-5160